1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | GARY BERNARD MORGAN, ) | Case No. CV 11-10081-DSF (DTB) |
| 12 | Plaintiff, ) | |
| 13 | vs. ) | ORDER TO SHOW CAUSE |
| 14 | CITY OF LOS ANGELES, et al., ) | |
| 15 | Defendants. ) | |
| 16 | ) | |
| 17 | ) | |

18

19    Plaintiff, while currently incarcerated at the Los Angeles County Men's Central

20  Jail in Los Angeles, California, filed this pro se civil rights action after being granted

21  leave to proceed in forma pauperis on December 12, 2011.  The gravamen of

22  plaintiff's claim is that he has been falsely imprisoned and maliciously prosecuted.

23  (Complaint at 3.)

24    Plaintiff specifically alleges that he was arrested without probable cause based

25  on an incident which was committed by another. (Complaint at 4.)  Plaintiff alleges

26  that defendants used his past history to establish and falsify a police report and

27  statement under oath.  (Id.)  Plaintiff further alleges that once he was ready for trial,

28  the case was dismissed; however, he remains in custody (Complaint at 5).  Plaintiff

1

1  asserts that such actions are in violation of his rights under the Fourth, Fifth, Sixth
2  and Fourteenth Amendments to the United States Constitution.

3      The Complaint purports to be brought pursuant to 42 U.S.C. § 1983.  Named
4  in the Complaint as defendants in both their individual and official capacities are: Los
5  Angeles Police Officer Rubacala; Deputy District Attorney Perez; Judge/Referee
6  Sandoval; and Attorney Adrian Baca.

7      In accordance with the terms of the "Prison Litigation Reform Act of 1995,"
8  the Court screened the Complaint prior to ordering service, for purposes of
9  determining whether the action is frivolous or malicious; or fails to state a claim on
10  which relief may be granted; or seeks monetary relief against a defendant who is
11  immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. §
12  1997e(c)(1).

13     After careful review and consideration of the Complaint under the foregoing
14  standards, the Court found that it suffered from the pleading deficiencies.  The
15  Complaint was dismissed with leave to amend on December 14, 2011.  See Noll v.
16  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be
17  given leave to amend his complaint unless it is absolutely clear that the deficiencies
18  of the complaint cannot be cured by amendment).  Plaintiff was ORDERED to file a
19  First Amended Complaint within thirty (30) days of the date of the dismissal order
20  remedying the deficiencies discussed therein, if he desired to pursue this action.

21     Plaintiff's First Amended Complaint was due on or before January 13, 2012.
22  Plaintiff has failed to file a First Amended Complaint within the allotted time nor has
23  he requested an extension of time within which to do so.

24     Accordingly, on or before **February 27, 2012**, plaintiff is ORDERED to either
25  (a) advise the Court that he does not desire to pursue this action; (b) if plaintiff does
26  desire to pursue this action, show good cause in writing, if any exists, why plaintiff
27  has not timely filed with the Court his First Amended Complaint, and why the Court
28  should not recommend that this action be dismissed, with prejudice, for failure to

1  prosecute and failure to comply with the Court's prior Order; or (c) serve and file a

2  First Amended Complaint.  Plaintiff is forewarned that, if he fails to do either, the

3  Court may deem such failure a further violation of a Court order justifying dismissal,

4  and also deem such failure as further evidence of a lack of prosecution on plaintiff's

5  part.

6

7  DATED: February 7, 2012

8

9

10  _____
   DAVID T. BRISTOW
11  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3